IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GARY PRITCHETT, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| GWINNETT COUNTY SHERIFF'S | : | |
| DEPARTMENT, et al., | : | CIVIL ACTION NO. |
|     Respondents. | : | 1:14-CV-2947-TWT-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Gary Pritchett, confined in the Gwinnett County Detention Center in Lawrenceville, Georgia, has submitted a petition for a writ of habeas corpus, which I will consider pursuant to 28 U.S.C. § 2241.[1]  [Doc. 1].  Petitioner has not paid the $5.00 filing fee or sought leave to proceed *in forma pauperis*.  For the purpose of dismissal only, leave to proceed *in forma pauperis* is **GRANTED**.

The matter is presently before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, which also applies to Section 2241 actions, as provided in Rule 1(b).  Summary dismissal of a § 2241 petition is proper "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  28 U.S.C. foll.

---

[1] The Clerk is accordingly **DIRECTED** to update the cause of action on the docket sheet.

§ 2254, Rule 4.  For the reasons discussed below, I recommend that this action be dismissed without prejudice.

I.     Discussion

Petitioner states that he has been confined since July 23, 2014, on a "fugitive from justice" charge based on a Florida arrest warrant.  [Doc. 1 at 2].  Petitioner alleges that the warrant is "fraudulent," and he states that he filed a petition for a writ of habeas corpus in the Gwinnett County Magistrate Court on August 29, 2014.  [*Id.* at 2-3, 6-13].  Petitioner seeks "[instant] release."  [*Id.* at 2-3].

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions." *Younger*, 401 U.S. at 53.  "The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient chance to vindicate his federal constitutional rights." *Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam).  "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.*

2

In the present case, all three requirements of *Younger* abstention are satisfied. Petitioner's state criminal proceeding is ongoing, such a proceeding implicates important state interests in enforcing criminal law, and Petitioner has an adequate opportunity to raise constitutional challenges in that proceeding. Because *Younger* prohibits me from interfering in Petitioner's state criminal proceeding, this action should be dismissed without prejudice. *See Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (per curiam) ("A dismissal pursuant to the *Younger* doctrine is without prejudice, and does not preclude later re-filing of the [petition].").

I note that Petitioner's state habeas petition was docketed within his criminal proceeding, and the petition still appears to be pending. *See State v. Pritchet*, No. 14W-12668-00 (Gwinnett Cnty. Ga. Mag. Ct. filed July 31, 2014), *available at* http://www.gwinnettcourts.net/casesearch/casedetail.aspx?FileId=14W-12668-00 (last visited Sept. 19, 2014).[2]  Therefore, Petitioner has not exhausted his state court remedies, and his failure to do so constitutes an additional reason to dismiss this action. *See* 28 U.S.C. §§ 2254(b)(1) & (c).

---

[2] Petitioner's last name is spelled as Pritchet in the style of his state criminal case.

3

II.    Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

4

A certificate of appealability should be denied because the resolution of the issues presented is not debatable.  If the Court adopts this recommendation and denies a certificate of appealability, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2254, Rule 11(a).

III.   Conclusion

Based on the foregoing, leave to proceed *in forma pauperis* is **GRANTED** for the purpose of dismissal only.  I **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED and RECOMMENDED**, this 19th day of September, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

5